IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 5, 2024, Plaintiff submitted a FOIA request via email/online submission to the Defendant's Office of Professional Responsibility, seeking access to:

> 1. Records and / or communications about any investigations, inquiries, or referrals concerning potential misconduct of any person working for Special Counsel Jack Smith's office.

The timeframe for the requested records was identified as "March 1, 2023 to the FOIA request date."

6. On December 5, 2024, Plaintiff submitted an identical FOIA request to Defendant's Office of Information Policy via email/online submission.

7. By a letter dated December 13, 2024, Defendant's Office of Information Policy acknowledged receiving Plaintiff's request on that day and advised Plaintiff that the request had been assigned tracking number FOIA-2025-01082. Defendant also invoked FOIA's ten-day extension of time, citing unusual circumstances.

8. By letter dated January 13, 2025, Defendant's Office of Professional Responsibility acknowledged receiving Plaintiff's FOIA request on December 17, 2024 and advised Plaintiff that the request had been assigned tracking number F25-00105. The letter further requested clarification "on the types of records you are seeking …."

9. Plaintiff responded to Defendant's Office of Professional Responsibility via email on the same day, January 13, 2025. Plaintiff refined the scope of the request as follows:

    1. **Subject of Request**: I am seeking records and/or communications regarding any investigations, inquiries, or referrals concerning potential misconduct by *attorneys* employed by Special Counsel Jack Smith's office from March 1, 2023 to present.

    2. **Types of Records Requested**: I am requesting any documents, emails, memoranda, reports, referrals, and any internal or external communications related to allegations, investigations, or findings of misconduct concerning any attorney working for Special Counsel Jack Smith from March 1, 2023 to present.

10. Plaintiff has received no further communication from the Defendant regarding either request.

11. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

15. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's requests by January 31, 2025, at the latest.

- 4 -

Because Defendant failed to make a final determination on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 18, 2025

Respectfully submitted,

*/s/ Christina Bobb*
CHRISTINA BOBB
D.C. Bar No. 90021326
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Email: cbobb@judicialwatch.org

*Attorney for Plaintiff*